IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**BRENT WOOD,**

    **Plaintiff,**

**vs.**                                                  **CASE NO. 5:11-cv-244/RS-CJK**

**ROMMEL L. COLSON,**

    **Defendant.**

_____ /

## **ORDER**

Before me are Plaintiff's Response to Defendant's Notice of Removal (Doc. 3), which is construed as a motion to remand, and Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Remand (Doc. 5).

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. *See* 28 U.S.C § 1441(a). A removing defendant has the burden of establishing by a preponderance of the evidence that federal jurisdiction exists. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "In assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff - be it the initial complaint or a later received paper - and determines whether that document and the notice of removal . . . unambiguously establish federal jurisdiction." *Rollo v. Keim*, 2009 U.S. Dist. LEXIS 56292, 5-6 (N.D. Fla. 2009) (*citing Lowery v. Ala. Power Co.*, 483 F.3d 1184, 13 (11th Cir. 2007)). In the context of diversity jurisdiction, a removing defendant must

demonstrate that the amount in controversy exceeds $75,000 and that there is complete diversity of citizenship.  *See*  28 U.S.C. § 1332.

Here, the parties agree that there is complete diversity of citizenship.  The only dispute concerns the amount in controversy.  If the jurisdictional amount is not clear from the face of or readily deducible from the removing documents, then "the court must remand." *Rollo*, 2009 U.S. Dist. LEXIS at 5-6 (*citing Lowery*, 483 F.3d at 1211).

In reviewing the removing documents, I find that Defendant has met his burden in establishing that the amount in controversy exceeds the statutory amount.  While the Complaint (Doc. 1, Attach. 1, p. 2) simply states that the action for damages exceeds $15,000 and Plaintiff has not affirmatively admitted or denied that the amount in controversy exceeds $75,000 in his responses to requests for admission, other evidence supports Defendant's position that more than $75,000 is in controversy.  Plaintiff's "demand letter" (Doc. 1, Attach. 3), offered to settle the claim against Defendant for $100,000.  This demand letter is the best evidence of Plaintiff's true intentions and it shows the value of what he perceives to be in controversy.  The letter noted that Plaintiff had incurred $34,954 worth of medical expenses, and that future medical treatment was projected to cost $106,500.  In addition, the letter alerted Defendant of the possibility that Plaintiff's career in the Air Force could be imperiled if his injuries worsened over time and could result in a loss of over $1,000,000 in retirement benefits should he be discharged for medical reasons.

The subsequent offer of settlement (Doc. 3, Exhibit E), which requested a $75,000 payment, may be evidence that the amount in controversy is below the threshold.

However, in the context of an actual dispute which goes to trial, I am unconvinced that this accurately predicts the amount of damages Plaintiff would seek. Rather, the Complaint alleges that Plaintiff has "suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, aggravation of pre-existing conditions and/or injuries, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of the ability to earn money." Plaintiff also alleges that the losses are "permanent or continuing" and that he will "suffer the losses in the future." The complaint makes clear that the damages are great and that they continue to accrue.

Plaintiff argues that I may not properly consider the "demand letter" or settlement documents because the rules of evidence prohibit their use. Plaintiff's argument that the court is prohibited from considering their demand letter under Federal Rule of Evidence 408 is unconvincing and misplaced. *Rollo*, 2009 U.S. Dist. LEXIS at 9-10. "Rule 408 prohibits the use of settlement or demand letters only to prove liability for or invalidity of the claim or its amount." *Id*. (*citing* Fed. R. Evid. 408). "It does not either expressly or implicitly disallow the use of such communications to determine the amount in controversy for purposes of determining federal jurisdiction." *Id*.

Plaintiff's argument concerning Defendant-produced materials in unavailing because I may only consider documents received by the Defendant from the Plaintiff. *Id*. ("If . . . removal is based on a document other than the plaintiff's initial pleading, this document must have been supplied by the plaintiff.").

Plaintiff's Motion to Remand (Doc. 3) is **DENIED**.

**ORDERED** on August 2, 2011.

                                                     /S/ Richard Smoak
                                                   **RICHARD SMOAK**
                                                   **UNITED STATES DISTRICT JUDGE**